**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

Case No. 0:16-cv-60024-WJZ

TAOUFIQ SEFFAR and HANAN SEFFAR,
    Plaintiffs,

v.

BANK REO SERVICING, LLC, a Florida Limited Liability Company; RESIDENTIAL CREDIT SOLUTIONS, INC., a Delaware corporation; and BAYVIEW LOAN SERVICING LLC, a Delaware Limited Liability Company; et al.
    Defendants.

_____/

**BANK REO SERVICING, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' COMPLAINT**

COMES NOW Defendant, BANK REO SERVICING, LLC, a Florida Limited Liability Company (hereinafter Defendant), by and through undersigned counsel, and submits this Answer and Affirmative Defenses to Plaintiffs' Complaint. Specifically, Defendant states as follows:

**PARTIES AND JURISDICTION**

1. Defendant is without knowledge, and the allegations in Paragraph 1 are therefore denied.

2. Defendants admits the allegations contained in Paragraph 2.

3. Defendant is without knowledge, and the allegations in Paragraph 3 are therefore denied.

4. Defendant is without knowledge, and the allegations in Paragraph 4 are therefore denied.

5. Paragraph 5 contains a description of plaintiffs' theory of the case to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to damages or relief of any kind.

6. Paragraph 6 contains legal conclusions not requiring a response. To the extent a response is required, Defendant admits that the Court has jurisdiction over this action based on federal question jurisdiction.

7. Paragraph 7 contains legal conclusions not requiring a response. To the extent a response is required, Defendant admits that venue is proper in the Southern District of Florida.

## BACKGROUND

8. Defendants admits the allegations contained in Paragraph 8.

9. Defendant admits only that plaintiffs were notified of prior servicing transfers. Defendant is without knowledge of the remaining allegations contained in Paragraph 9, and the allegations are therefore denied.

10. Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 10.

11. Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 11.

12. Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 12.

13. Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 13.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 14.

15. Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 15.

16. Defendant admits only that the testimony and court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 17.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the court filings in the state

foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 20.

21. Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 22.

23. Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 23.

24. Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 24.

25. Defendant admits only that the court filings in the state foreclosure litigation speak for themselves. Defendant denies the remaining allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

## COUNT I: WRONGFUL FORECLOSURE BY NON-HOLDERS OF MORTGAGE RIGHTS

29. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

30. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

31. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

32. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

33. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

34. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

35. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

36. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

## **COUNT II: QUIET TITLE**

37. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

38. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

39. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

40. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

41. The allegations contained in these paragraphs have been remanded to the state court, [ECF No. 41], and, as such, no response is required.

## COUNT III: VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681.

42. Defendant incorporates and re-avers its responses to the preceding Paragraphs 1 – 28 in response to Paragraph 42.

43. Paragraph 43 contains a description of Plaintiffs' theory of the case to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 43.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 44.

45. Paragraph 45 contains legal conclusions which no response is required. To the extent a response is required, Defendant admits only that the FCRA speaks for itself. Defendant denies the remaining allegations contained in Paragraph 45.

46. Defendant is without knowledge as to the allegations contained in Paragraph 46, and the allegations in Paragraph 46 are therefore denied.

47. Defendant is without knowledge as to the allegations contained in Paragraph 47, and the allegations in Paragraph 47 are therefore denied.

48. Defendant is without knowledge as to the allegations contained in Paragraph 48, and the allegations in Paragraph 48 are therefore denied.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

## DEMAND FOR TRIAL BY JURY

Defendant denies Plaintiffs are entitled to a trial by jury as Plaintiffs waived any right to a jury trial within the underlying mortgage, which Plaintiffs executed and which is the subject of this action now before this Honorable Court.

## AFFIRMATIVE DEFENSES

Defendant assets the following affirmative defenses:

1. **First Affirmative Defense**: Plaintiffs' Complaint, in whole or in part, fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever from Defendant.

2. **Second Affirmative Defense:** Plaintiffs' damages, if any, are the result of acts or omissions of persons or entities other than Defendant, including but not limited to co-defendants and/or nonparties yet to be identified, and are in no way attributable to any wrongdoing on the part of Defendant.

3. **Third Affirmative Defense:** Plaintiffs have failed to mitigate their damages.

4. **Fourth Affirmative Defense:** Plaintiffs did not sustain any actual damages proximately caused by the purported FCRA violation.

5. **Fifth Affirmative Defense:** Any alleged damages sustained by Plaintiffs were, at least in part, caused by the actions of Plaintiffs and resulted from Plaintiffs' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Defendant.

6. **Sixth Affirmative Defense:** Any damages which Plaintiffs may have suffered, which Defendant expressly denies, were the direct and proximate result of the conduct of Plaintiffs. Therefore, Plaintiffs are estopped and barred from recovery of any damages.

7. **Seventh Affirmative Defense:** This action is barred, in whole or in part, because Defendant always acted in good faith and honest in fact, and always observed commercially reasonable standards of fair dealing when dealing with Plaintiffs.

8. **Eighth Affirmative Defense:** Plaintiff's claims are barred because they failed to provide Defendant with required notice of grievance pursuant to paragraph 20 of their mortgage.

9. **Ninth Affirmative Defense**: Plaintiff's claims are barred because Defendant did not receive notice of Plaintiff's dispute from a consumer reporting agency.

Defendant reserves the right to assert any additional defenses based on information or knowledge obtained throughout the course of litigation.

WHEREFORE, Defendant, BANK REO SERVICING, LLC, a Florida Limited Liability Company, respectfully requests that this Honorable Court enter an Order:

1) Granting Judgment in favor of Defendant, BANK REO SERVICING, LLC, a Florida Limited Liability Company;
2) Dismissing the Plaintiffs' Complaint and each remaining cause of action alleged in the complaint with prejudice;
3) Denying any relief demanded by Plaintiffs in this action;

Case 0:16-cv-60024-WJZ   Document 47   Entered on FLSD Docket 01/11/2017   Page 9 of 11

4) Awarding Defendant, BANK REO SERVICING, LLC, a Florida Limited Liability Company, attorney's fees and costs; AND

5) Awarding to Defendant, BANK REO SERVICING, LLC, a Florida Limited Liability Company, such other relief as this Honorable Court deems to be just and proper.

**CERTIFICATE OF SERVICE**

THE UNDERSIGNED ATTORNEY HEREBY CERTIFIES that, on January 11, 2017, the foregoing document was served upon all counsel of record via each designated e-mail address or through other approved means.

By:   /s/ Nicolas Lampariello
Nicolas Lampariello, Esq.
Florida Bar No. 107722

LAMPARIELLO LAW GROUP, P.A.
Attorneys for Defendant
150 South Pine Island Road, Suite 220
Plantation, FL 33324
Telephone: (954) 628-3579
Facsimile: (954) 343-8712
Email: pleadings@lawllg.com
         nic@lawllg.com

Service List – Case No. 0:16-cv-60024-WJZ

David H. Charlip
Charlip Law Group, LLC
dcharlip@charliplawgroup.com
Counsel for Plaintiff

Curtis Wilson
McCalla Raymer, LLC
curtiswilson.esq@gmail.com
Counsel for Residential Credit Solutions, Inc.

J Kirby McDonough
Quarles and Brady, LLP
kirby.mcdonough@quarles.com
Counsel for Residential Credit Solutions, Inc.

Matthew David Morton
McCalla Raymer
mdm@mccallaraymer.com
Counsel for Residential Credit Solutions, Inc.

Henry H Bolz , IV
Akerman LLP
henry.bolz@akerman.com
Counsel for Bayview Loan Servicing, LLC

Marc Jonathan Gottlieb
Akerman LLP
marc.gottlieb@akerman.com
Counsel for Bayview Loan Servicing, LLC

William Patrick Heller

Akerman LLP

william.heller@akerman.com

Counsel for Bayview Loan Servicing, LLC

Nathaniel Dwight Callahan

Akerman, LLP

nathaniel.callahan@akerman.com

Counsel for Bayview Loan Servicing, LLC

J. Kirby McDonough

Quarles & Brady, LLP

kirby.mcdonough@quarles.com

Counsel for Residential Credit Solutions, Inc.